**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COOKE CITY RACEWAY, INC.,<br><br>　　　　　Defendant. | Case No.: 1:21-cv-01488-JLT-BAK (SAB)<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO PROSECUTE THIS ACTION |

　　　　The plaintiff initiated this action on October 5, 2021. (Doc. 1.) The Clerk of Court issued the summons and the order setting the mandatory scheduling conference the same day. (Docs. 2, 3.) The plaintiff failed to file a proof of service, and the Defendant had not appeared. On December 6, 2021, the Court issued an order to plaintiff to show cause why sanctions should not be imposed for the failure to prosecute the action and to serve the summons and complaint in a timely fashion as ordered. (Doc. 5.) On December 8, 2021, the plaintiff filed the proof of service. (Doc. 6.) On December 27, 2021, the plaintiff entered a request to the Clerk of Court for entry of default as to Cooke City Raceway, Inc. (Doc. 10), and the Clerk entered default the same day. (Doc. 11.) However, Plaintiff has not taken any action on this case since and has failed to prosecute the action.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent

power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions, including dismissal of an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute and comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

Accordingly, the Court **ORDERS**:

1. **No later than May 18, 2022,** the plaintiff **SHALL** show cause why sanctions should not be imposed for the failure to prosecute this action. Alternatively, within that same time, the plaintiff may file a motion for default judgment as to Cooke City Raceway, Inc.

2. **The failure to comply with this order will result in a recommendation that the Court dismiss the action.**

IT IS SO ORDERED.

Dated: **April 26, 2022**

UNITED STATES MAGISTRATE JUDGE